**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TEXARKANA DIVISION**

| | | |
|---|---|---|
| **KAWASAKI HEAVY INDUSTRIES, LTD,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | **CIVIL ACTION NO. 5:06-CV-222** |
| **BOMBARDIER RECREATIONAL PRODUCTS, INC., et al.,** | § | |
| | § | |
| | § | |
| Defendants. | § | |

**O R D E R**

Before the Court are Kawasaki's Motion to Vacate Stipulated Dismissal (Dkt. No. 103) and

Motion to Compel Compliance with Settlement Agreement (Dkt. No. 104). Also before the Court

are Bombardier's Response (Dkt. No. 108) and Kawasaki's Reply (Dkt. No. 111). The Court held

a hearing on this Motion on August 13, 2009. *See* Dkt. No. 120 (minute entry). Also before the

Court are Kawasaki's Notice of Supplemental Authority (Dkt. No. 121) and Bombardier's response

(Dkt. No. 122). Also before the Court are three letters, one dated August 26, 2009 from Harry

Marcus, one dated August 28, 2009 from Leonard Hoffman, and one dated August 31, 2009 from

Nicholas Patton. After reviewing the arguments of counsel and the various papers in light of

relevant case law, the Court finds Kawasaki's Motions must be **DENIED**.

**BACKGROUND**

This is a patent case with a fairly lengthy history. This case is but one piece of a larger set

of disputes between these parties. In this case, the parties entered into a settlement agreement

("Agreement") and filed a joint stipulation of dismissal on April 1, 2008. Dkt. No. 100. The next

day, the Court granted the parties' stipulation by signing the proposed order that the parties' attached

to the stipulation. *Compare* Dkt. No. 101 *with* Dkt. No. 100-1.

Kawasaki brings the present Motions, pursuant to Fed. R. Civ. P. 60(b)(3), asking the Court to (1) set aside the parties' stipulation and Court's order of dismissal and (2) enforce compliance with the terms of the Agreement.  *See* Dkt. Nos. 103 & 104.  The Agreement itself was not made part of the record in this case until this dispute arose.  *See* Dkt. No. 100 (stipulation of dismissal, which references the Agreement as "separate" and "confidential"); Dkt. No. 103-4 (Agreement, attached as an exhibit to Kawasaki's Motion).

The core dispute between the parties relates to paragraph 3 of the Agreement in which Bombardier agrees to provide Kawasaki with evidence that all security agreements, including one with the Bank of Montreal, have been made subordinate to the Agreement.  *See* Dkt. No. 103, at 3. Kawasaki contends Bombardier has failed to provide the required evidence and fraudulently induced Kawasaki to sign the Agreement by representing to Kawaski that such evidence was forthcoming. *See* Dkt. No. 103, at 3.

Bombardier contends, in response, that this is a dispute about performance under the Agreement, the terms of which have nothing  to do with the underlying patent litigation.  Dkt. No. 108, at 2.  Thus, argues Bombardier, the Court does not have jurisdiction to entertain this dispute. *Id.*  Further, Bombardier contends Kawasaki's "fraudulent inducement" allegation is without merit "because the alleged misrepresentation did not involve conduct in the dismissed patent litigation." *Id.*  At the hearing, Bombardier maintained it has acted in good faith throughout the settlement process.

## DISCUSSION

It is well known that federal courts are courts of limited jurisdiction and possess only those powers authorized by Article III of the Constitution in combination with Congressional statute.  *See*

*Willy v. Coastal Corp.*, 503 U.S. 131 136-37 (1992).  *See generally* Charles Alan Wright, et al., 13 *Federal Practice & Procedure* § 3523 (3d ed. 2008).   Federal courts are to begin jurisdictional analysis with the assumption that they lack jurisdiction; the burden of establishing jurisdiction falls on the party asserting it.  *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 182-83 (1936).

Once an independent basis for jurisdiction is established, such as subject-matter or diversity jurisdiction, federal courts may exercise "ancillary" jurisdiction over an additional claim or incidental proceeding if it is so closely related to the case having independent jurisdiction as to "justify the conclusion that they are all part of a single case or controversy."  Wright, et al., *supra*.

One area of "ancillary" jurisdiction relevant in this case concerns whether, once a case has settled, a court has the jurisdiction to enforce terms of the settlement agreement.  The Supreme Court dealt with this area of ancillary jurisdiction in *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375 (1994).  In *Kokkonen*, the parties signed a settlement agreement and filed a stipulation of dismissal with the district court pursuant to Fed. R. Civ. P. 41(a).  511 U.S. at 377.  The district judge signed the stipulation and the parties' proposed order of dismissal, neither of which referred to the settlement agreement or expressly preserved jurisdiction to enforce the agreement.  *Id.*  Thereafter, one of the parties accused the other of breaching the settlement agreement and sought relief in the same case in which the stipulation and order of dismissal had been signed.  *Id.*  The district court found that it had the inherent power to enforce the terms of the settlement agreement, and the appellate court affirmed.  *Id.*

The Supreme Court reversed, holding that because neither the stipulation nor order of dismissal incorporated the settlement agreement, the disagreement over its terms "is more than just

a continuation or renewal of the dismissed suit, and hence requires its own basis for jurisdiction."

*Id.* at 378.  The Court concluded that where a court has retained jurisdiction to enforce a settlement

agreement or when the agreement's terms are incorporated into a court order, ancillary jurisdiction

would exist.  *Id.* at 380-81.  However, "mere awareness and approval of the terms of the settlement

[by the judge] do not suffice to make them part of his order."  *Id.* at 381.  The *Kokkonen* Court

concluded:

> The short of the matter is this: The suit involves a claim for breach of a contract, part
> of the consideration for which was dismissal of an earlier federal suit.  No federal
> statute makes that connection (if it constitutionally could) the basis for federal-court
> jurisdiction over the contract dispute.  The facts to be determined with regard to such
> alleged breaches of contract are quite separate from the facts to be determined in the
> principal suit, and automatic jurisdiction over such contracts is in no way essential
> to the conduct of federal-court business.  If the parties *wish* to provide for the court's
> enforcement of a dismissal-producing settlement agreement, they can seek to do so
> [by recommending that the court retain jurisdiction or incorporate the terms of the
> agreement in its dismissal order].

*Id.* at 381-82.

The Fifth Circuit applied *Kokkonen* in *Hospitality House, Inc. v. Gilbert*, 298 F.3d 424 (5th

Cir. 2002).  In that case, intended beneficiaries of a settlement agreement—between parties in a

separate lawsuit—brought suit to enforce the terms of the settlement agreement.  298 F.3d at 427.

In the prior lawsuit, after the agreement had been finalized, the parties filed an agreed motion to

dismiss the case without prejudice and incorporated by reference the Agreement, which was attached

as an exhibit.  *Id.* at 428.  The district court granted the motion to dismiss and entered an order

reading: "IT IS THEREFORE ORDERED that Civil Action No. A-96-CA-744-SS be and said action

is hereby DISMISSED WITHOUT PREJUDICE."  *Id.*  Four years later, the intended beneficiaries

brought suit in the same court to enforce the agreement.  *Id.*  The district court concluded that it had

jurisdiction to construe and enforce the settlement agreement because it was incorporated into its

order of dismissal.  *Id.*

The Fifth Circuit reversed, concluding that the settlement agreement had not been incorporated into district court's order of dismissal.  298 F.3d at 433.  Although the district court, in its order of dismissal, had referred to the agreed motion to which the settlement agreement was attached as an exhibit, the Circuit concluded that "to make a settlement agreement part of a dismissal order by incorporation, *Kokkonen* requires a district court to clearly indicate its intention within the dismissal order itself by expressly incorporating the agreement's terms."  *Id.* at 431.  Because the district court's order of dismissal did not incorporate the terms of the settlement agreement into the order and did not contain an express reservation of jurisdiction to enforce the agreement, the Circuit held that the district court lacked jurisdiction to hear the dispute over the agreement.  *Id.* at 433-34.

The Court finds that this case falls squarely under both *Kokkonen* and *Hospitality House*.  Kawasaki contends this case is "completely different" from *Hospitality House* because (1) that case dealt with "the court's jurisdiction over a separately filed breach of contract action" and (2) the parties in *Hospitality House* did not file a motion under Rule 60(b).  Dkt. No. 121-2, at 2. The Court finds Kawasaki's arguments are without merit.

Although *Hospitality House* was a separate lawsuit from the one in which the settlement agreement was signed, that distinction is of no moment because *Kokkonen*, the Supreme Court case upon which *Hospitality House* relies, involved the same lawsuit and parties, just as in this case.  In this case, as in *Kokkonen*, the Court granted the parties' stipulation of dismissal, which dismissed the case pursuant to Rule 41(a)(1).  *Compare* Dkt. Nos. 100 (stipulation) & 101 (order) *with Kokkonen*, 511 U.S. at 377.  The order of dismissal in this case, as in *Kokkonen*, does not mention the parties' Agreement or preserve jurisdiction to construe and enforce its terms.  *Id.* Although the

parties' stipulation of dismissal in this case does state that the parties "have executed a separate confidential Settlement Agreement," the agreement is not attached as an exhibit to the stipulation and the substance of the agreement is in no way incorporated into the stipulation of dismissal or the Court's order granting the stipulation.  *See* Dkt. Nos. 100 (stipulation) & 101 (order).  Further, in *Kokkonen*, even though the settlement agreement had been read into the record, the Supreme Court still found the trial court lacked jurisdiction because the stipulation and order did not "reserve jurisdiction in the District Court to enforce the settlement agreement."  511 U.S. at 377.  In this case, the Agreement was not made part of the record until the present Motion was filed.

Kawasaki's second argument—fraud under Rule 60(b)(3)—fails for at least two reasons. First, to succeed on a Rule 60(b)(3) motion, Kawasaki must show, by clear and convincing evidence, "an unconscionable plan or scheme which is designed to improperly influence the court in its decision."  *See Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1338 (5th Cir. 1975).  The conduct complained of must prevent the losing party from fully and fairly presenting his case or defense.  *Id.* at 1339.  Kawasaki's proof here is definitely not clear-and-convincing, but even if it was sufficient to meet the evidentiary hurdle, it is not the kind of fraud Rule 60(b)(3) was intended to remedy.  That is, Kawasaki has failed to show how the alleged fraud relates to the underlying patent litigation such that it prevented Kawasaki from "fully and fairly presenting [its] case or defense" and "improperly influence[d] the court in its decision."

Second, Kawasaki's position is contradictory in that Kawasaki first asks the Court to set aside the stipulation and order of dismissal because Bombardier "fraudulently induced" Kawasaki to sign the Agreement.  Kawasaki then asks the Court to enforce the terms of the very same Agreement—the one Kawasaki was allegedly fraudulently induced to sign.  It is clear by Kawasaki's argument that

the core dispute here is not fraudulent inducement but instead whether or not Bombardier has breached the terms of the Agreement by failing to provide the evidence of subordination that Kawasaki says is required by the Agreement.

The Court concludes that this case falls squarely under *Kokkonen* and, to a lesser degree, *Hospitality House*.  At its core, this is a contract dispute—a dispute about whether paragraph 3 of the Agreement has or has not been breached by Bombardier.  Because the Court, through the parties' supplied stipulation and proposed order of dismissal, neither reserved jurisdiction to enforce the Agreement nor incorporated the terms of the Agreement into its order to dismiss, the Court lacks jurisdiction to hear this dispute.

## IV.  CONCLUSION

For the foregoing reasons, Kawasaki's Motion to Vacate (Dkt. No. 103) and Kawasaki's Motion to Compel Compliance (Dkt. No. 104) are hereby **DENIED**.

**IT IS SO ORDERED**.

**SIGNED this 16th day of September, 2009.**

DAVID FOLSOM
UNITED STATES DISTRICT JUDGE